Nelson, D. J.
The only question, raised by the demurrer, to be considered in this case is whether the bill is wanting in equity. The complainant makes no substantial charge of fraud against any trustee in the deed to secure the $15,000,000 issue of bonds, and his bill alleges no grievance which determined the court to overrule the demurrers in the cases of Stricker v. Kennedy et al., Messchaert v. Kennedy et al., and Sahlgard v. Kennedy et al. Kennedy was never a trustee in this trust deed, and his acts as the agent of the committee of bond holders of the $15,000,000 issue are not subject to the criticism made in the other cases.
The fact that Kennedy, who is not a trustee in this deed, as agent of the foreign committee, entered into an agreement for the sale of the bonds held by the committee with Smith, Stephen Kittson and Hill, and consummated it, and such agreement contemplated the purchase of the railroad and appurtenances, would not call for the interference of a court of equity. These creditors could fairly combine to purchase the property of their debtor, and other bond holders and creditors are not by such combination deprived of the right to bid at a sale under the decree.
The charges made against the order of the court authorizing the receiver to issue debentures and complete the unbuilt portion of the road, and the manner in which it was built and the amount of debentures issued and paid over for such construction, afford no ground of equitable relief. The court, before the decree was made, examined the objections in respect thereto, and only issued an amount of debentures equal to the cost of construction as clearly established by proof.
The charges against the decree are not such as in my opinion would authorize a court to disturb it, and the sale was made under the decree, for anything that appears in the bill, fairly and for more than the upset price fixed by the court. That the purchaser was authorized to pay all of the bid ex *304 cept $50,000 in the debentures issued by the court, and in the bonds of the $15,000,000 issue at the percentage upon their fair value equal to the dividend to which they would be entitled upon a distribution of the proceeds of the sale, is not inequitable. Substantially, such a provision in a decree met with the approval of the United States Supreme Court in Ketchum v. Duncan, 6 Otto R. 659.
The bill, also, in attacking the Bale charges the trustees with neglect in respect thereto, amounting to fraud. I am not prepared to admit that the allegations of the bill in that behalf entitle the complainant to any relief.
In the order confirming the sale the following provision was inserted: “This order is made by and upon the consent and at the request of the trustees, the complainants, and upon the consent of the parties defendants, * * * and the right to make any further order order is reserved.” In view thereof I think the complainant, if entitled to any relief against the sale and the confirmation thereof, on petition and proper showing, might be admitted a party to the original foreclosure suit, and his objections would then be considered. He can have such opportunity at the next June term of the court.
The demurrer is sustained and the bill dismissed.